[Cite as *State v. Ross*, 2018-Ohio-3262.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 18AP-24 |
| | | (C.P.C. No. 14CR-23) |
| v. | : | 18AP-25 |
| | | (C.P.C. No. 15CR-4193) |
| Delijah Ross, | : | & 18AP-26 |
| | | (C.P.C. No. 16CR-1922) |
| Defendant-Appellant. | : | |
| | | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on August 14, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Delijah Ross*, pro se.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Delijah Ross is appealing from his prison sentences. He assigns a single error for our consideration:

> The trial court erred/abused its discretion when it barred Appellant's trial court motion for resentencing res judicata when the claim was based on a new substantive constitutional rule of law decided by the Ohio Supreme Court.

{¶ 2} Ross has a lengthy history of offenses relating to firearms. The first case before us began in 2014. Ross was placed on community control in that case but kept testing positive for controlled substances. As a result, his community control was revoked and he received a prison sentence of 18 months. However, the 18 months was ordered to be served concurrently with other felony sentences.

{¶ 3}   Ross engaged in more serious criminal activity and was indicted on new charges of attempted murder, felonious assault, and two new firearm related charges.  He was able to renegotiate a plea bargain under the terms of which he pled to the felonious assault charge with its accompanying firearm specification and to having a weapon under disability.  He was sentenced to a mandatory six-year term of incarceration on the felonious assault charge with an additional three years of incarceration for the firearm specification. The sentence for having a weapon under disability was ordered to be served concurrently with the sentence for felonious assault.

{¶ 4}   Ross also received a sentence of 12 months of incarceration for a drug possession charge which was ordered to be served concurrently with his other sentences.

{¶ 5}   The motion filed by Ross was based on a theory that his sentence was increased because of illegal conduct in which he engaged before he turned 18.  The facts in this case do not support his theory.  Ross entered into a plea bargain under the terms of which his biggest charges (attempted murder) was reduced to felonious assault.  The sentencing range for felonious assault is capped at 8 years.  He received a sentence of 6 years.

{¶ 6}   The gun specification sentence was 3 years to be served consecutively. Without the plea bargain, Ross was at risk of 14 years of incarceration.

{¶ 7}   The trial court judge shows all the signs of being generous in her years of dealing with Ross.  She repeatedly ordered sentences to be served concurrently.  She did not increase his time of incarceration when he committed new felonies.  When, despite being barred from owning or using a firearm due to his past record, he shot someone she did not increase his prison sentence for his alleged possession of the firearm.

{¶ 8}   Nothing in the record before us indicates that Ross received additional time in prison because of his juvenile misconduct.

{¶ 9}   The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

———————